CHIEF JUSTICE SIMPSON
delivered the opinion op the court:
By the will of Charles Masterson, the hire of his young negroes was appropriated to such of the testator’s negroes as might be infirm or otherwise disabled. It did not therefore pass under the residuary devise in the will, which only disposed of that part of the testator’s estate which was not otherwise disposed of or appropriated. But as the will took effect before the adoption of the Revised Statutes, its construction and effect depend on the pre-existing law. The rule under that law was, that the general residuary legatee was entitled in that character to whatever personal estate might fall into the residue, after the making of the will, by lapse, invalid disposition, or other accident. If, however, the hires are claimed under the *498 residuary devise, on the ground that the disposition which the testator made of them has failed, for the want of a person or persons to receive the benefit of the appropriation, it devolves on those who assert the claim to prove the facts which are necessary to show that such a failure has occurred. Their right under the will depends upon the lapse or failure of the devise which the testator made of these hires, and consequently to establish such a right, the claimant must prove that the devise has turned out to be ineffectual and inoperative.
As this fact was not established by the proof, the right of the administrator with the will annexed to control and manage the young negroes is clear and unquestionable. It is his duty to collect the hires and hold them for the purposes indicated by the will.
But as his right to the possession and control of the slave Jim accrued upon the death of the widow, and the possession has ever since that time been held by Allen, and those under whom he claims, being a period of more than five years before the commencement of this action, the question arises whether his right is not barred by the statute of limitations.
It is contended that the statute does not apply because there is no proof that the possession was adverse. It is obvious, however, that the possession was held under the will of the widow, and not under the administrator with the will annexed of Charles Masterson, deceased. It is also obvious that the devisee, Jane Aynes, claimed a right to hold the boy Jim until he was twenty-one years of age, and disposed of him by her will until that time, as if he were her own property. The holding must therefore be deemed to have been adverse, and the statute bars the right of the administrator, unless there be some other reason which forbids its application.
It is argued that the attitude of the property, the character of the charity created by the testator, and the interest of the boy himself, alike forbid the application of the statute of limitations.
It is no doubt true that a trust exists under the will, and that the boy Jim constitutes part of the trust property, but that does not prevent the operation of the statute against the claim *499 of the trustee. Allen and those under whom he claims did not hold the property subject to the trust, but held it adversely. The trustee could have maintained an action at law for the-property, and recovered it, if he had brought his action in proper time. The doctrine is -well settled, that the statute can always be relied upon where there is a legal remedy. It is. only in cases of trusts which are purely equitable, that the statute is not allowed to operate. But here, as between the claimant, and the adverse holder, there was no trust whatever, of any description. No injury can result to the boy from the failure of the administrator to assert his right in due time. He has by his neglect rendered himself responsible to the old and infirm negroes for the hire, if there be any to claim it. But no liability can be imposed on the boy Jim in consequence of the failure of the administrator tó discharge his duty.
Owens and Martin should not have been subjected to the payment of any costs. The costs of the controversy should have been adjudged against the Maddoxes. But as the last named persons are the only appellants, and the error is not to their prejudice, the judgment cannot be reversed on this account at their instance.
Wherefore, the judgment is affirmed.