CASE 37—ACTION BETWEEN GEORGE SCHROEDER AND OTHERS AND M. AGNES BOHLSEN AND OTHERS, INVOLVING A CONSTRUCTION OF MARIA BOHLSEN'S WILL.—DEC. 14.

# Schroeder, &c. v. Bohlsen, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION NO. 1— SHACKELFORD MILLER, JUDGE.

FROM THE JUDGMENT SCHROEDER APPEALS. REVERSED.

WILLS—CONSTRUCTION—LAPSED GIFT—INTESTATE PROPERTY—CONDITIONAL BEQUEST.

1. The will of testatrix declared that if her brother in a lunatic asylum should be restored to his right mind, and discharged as cured, he should have $2,000. She gave the residue of her estate to a third person. The brother died, in the lifetime of the testatrix, without being restored to reason. HELD, that the gift to the brother passed as in case of intestacy, under Kentucky Statutes 1903, sec. 4843, providing that, unless a contrary intention shall appear, devises which fail shall pass as in case of intestacy, and not to the residuary legatee, on the theory that the devise failed and remained a part of the estate, under section 4839, declaring that a will shall take effect as if executed immediately before the death of the testator unless a contrary intention appears, there being nothing in the will indicating an intention that, in case the devise to the brother failed it should go to the residuary legatee.

2. A bequest to a person on condition that he be restored to his right mind is, on his dying without restoration, within Kentucky Statutes 1903, section 4843, providing that, in the absence of an expressed contrary intention, property embraced in a bequest which shall "fail, or be void, or otherwise incapable of taking effect" shall not be included in the residuary bequest, but shall pass as in case of intestacy.

LEIBER & LINCOLN, BODLEY, BASKIN & FLEXNER, ATTORNEYS FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. A lapsed legacy is one which never vests, either (1) in consequence of the death of the legatee before the testator, or (2) because, notwithstanding the legatee survive the testator, he dies before his interest can be said to have vested under the will. Schouler on Executors, sec. 467; 1 Jarman on Wills, 617; Page on Wills, sec. 738; 2 Williams on Exrs., 1083-1088; 18 Amer. & Eng. Ency., 747-8-9.

2. The doctrine of lapse is properly extended to the cases of gifts on contingency. 1 Jarman on Wills, 621; Miller v. Newberry, 112 Ill., 123; Drew v. Wakefield, 54 Me., 291; Chadwick v. Chadwick, 37 N. J. Eq., 71; Domestic, &c. v. Missionary Soc., 30 Pa. St., 425; Whitesides v. Whitesides, 28 S. Car., 325; Gibson v. Seymour, 102 Fed., 485; McGreevy v. McGrath, 152 Mass., 24; Allen v. Parham, 5 Munf. (Va.), 457, 12 Atl. Rep., 418.

3. Under the common law lapsed legacies passed to the residuary legatee. Page on Wills, sec. 744; 2 Williams on Exrs., 1314.

4. And the same rule obtained in this State until changed by statute. Maddox v. Allen, 1 Met., 495; Gore v. Stevens, 1 Dana, 201; Cunningham v. Cunningham, 18 B. Mon., 22.

5. The Revised Statutes reversed the rule of the common law in its entirety. And no lapsed devises or legacies go to the issue of the deceased devisee or legatee, if any. Ky. Stat., sec. 4841.

If deceased devisee or legatee leave no issue, then the lapsed or void devise or legacy passes as intestate to the heirs or next of kin of the testator, unless a contrary intention appear by the will. Ky. Stat., sec. 4843; Wood v. Wood, 1 Met., 515; Cromie v. Louisville Orphans' House, 3 Bush, 365; Newton v. Sou. Baptist, &c., 24 R., 2310; Alexander v. Waller, 6 Bush, 330; Highbaugh v. Highbaugh's Exr., 8 R., 257; Chenault v. Chenault, 88 Ky., 83.

6. The burden of proof is upon the person claiming against the provisions of the statute to show that the testator intended that

Schroeder, &c. v. Bohlsen, &c.

he should take the lapsed legacy. Love v. Gaze,. 8 Beaven, 472; Juler v. Juler, 29 Beaven, 34; Missionary Soc. v. Pell., 14 R. J., 456.

7. In the case at bar, no such intention being shown by the will, the legacy to Joseph Schroeder failed and passed to appellants as heirs-at-law and next of kin of Mary Bohlsen, deceased.

J. D. REED, ATTORNEY FOR APPELLEE.

1. Our contention is that the devise to Joseph Schroeder by the ninth clause of the will was simply a conditional gift, depending upon its ripening into a legacy upon conditions. precedent that had to happen before it could have any effect as such legacy, and until these conditions precedent did happen there was the mere potential possibility of its becoming a legacy, and upon the death of the proposed beneficiary without having been restored to her right mind, the said ninth clause was practically obliterated from the will, and the residuary clause became effective, as though the ninth clause had never been in the will.

## AUTHORITIES CITED.

Ky. Stat., sec. 4839; Roper on Legacies, c. 13, p. 500; 2 Williams on Executors, sec. 1081; Colvin v. VanMeter, 8 Ky. Law Rep., 788; Same v. Pairpoint, 9 Ky. Law Rep., 191; Bouvier Law Dict., vol. 1, p. 312, vol. 2, p. 20; Amer. & Eng. Ency. of Law, vol. 6, p. 500; 2 Wash. Real Property, p. 3, sec. 2; VanHorn v. Darrouse, 2 Dal. Pa., p. 317; Page on Wills, sec. 671, p. 788; Rebhorn v. Biersdorf, 186 Pa. St., 401; 2 Williams on Executors, sec. 1036; Cundiff v. Seaton, &c., 20 Ky. Law Rep., 1271; Graves v. Spurr, 97 Ky., 651; Schouler on Wills, 490; Guthrie v. Turner, 14 Ky. Law Rep., 336; 2 Williams on Executors, 926, 927; Wynne v. Wynne, 2 M. & G. R., 14 et seq.; Jarman on Wills, 5 Am. Ed., vol. 1, p. 637, vol. 3, p. 607.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The ninth clause of the will of Maria Bohlsen reads as follows: "If Joseph Schroeder, brother of said George Schroeder, now in the lunatic asylum, shall be restored to his right mind, and shall be discharged as cured, in that event I give him the sum of $2,000.00." The devisee, Joseph Schroeder, died in the asylum, without being restored to his right mind,

before the death of testatrix; and, the devise having been
thus defeated, we are asked to decide whether it passed
under the residuary clause of her will, which reads as fol-
lows: "I also give, devise and bequeath to said Abell Bohl-
sen all the remainder of my estate, real or personal, of every
description whatever"—or passed as in case of intestacy un-
der section 4843 of the Kentucky Statutes of 1903, which
reads as follows: "Unless a contrary intention shall appear
by the will, such real or personal estate, or interest therein,
as shall be comprised in any devise in such will which shall
fail or be void or otherwise incapable of taking effect, shall
not be included in the residuary devise contained in such will,
but shall pass as in case of intestacy."

It is contended for appellees that as it was a condition
precedent to the vesting of the bequest to Joseph Schroeder
that he should be restored to his right mind and be discharg-
ed as cured, and as his death in the life of testatrix rendered
it impossible for these conditions to be realized, the devise
to him failed, and remained a part of the estate of the testa-
trix, and passed under the residuary clause of her will, as
provided by section 4839 of the Kentucky Statutes of 1903,
which reads as follows: "A will shall be construed, with
reference to the real and personal estate comprised in it, to
speak and take effect as if it had been executed immediately
before the death of the testator, unless a contrary intention
shall appear by the will." On the other hand, it is claimed
by the appellants that the devise to Joseph Schroeder failed
solely by reason of his death, and passed, under the statute
supra, as in case of intestacy.

Under the rule of common law as it existed in this State
before the adoption of the Revised Statutes, a legacy which
lapsed by the death of the legatee in the lifetime of the testa-
tor, or by the nonperformance of a condition precedent,

passed into and became a part of the residuary legatee, un-less a contrary intention appeared on the face of the will; but it devolved upon such legatee to show that such lapse had occurred, in order to establish his right as legatee. See Maddox v. Allen, 58 Ky., 495. But this rule of the common law was changed in this State by the adoption of the Re-vised Statutes in 1852, by which it was provided that all legacies which were void or failed, or were incapable of tak-ing effect for any reason, should not go to the residuary legatee, as under the rule of the common law, but should pass as in case of intestacy, unless a contrary intention should appear by the will, and since 1854 this has been the rule as to lapsed devises in this State. The statute was first con-sidered in Cunningham's Devisees v. Cunningham's Heirs, 57 Ky., 19, 68 Am. Dec., 718. The will in that case was dated in February, 1851, and the testator died in 1853. The will bequeathed to the wife one-third of the personal estate, and the other two-thirds to residuary legatees. The bequest lapsed because of her death before testator. It was held that the property bequeathed to the wife became, under the common law rule then in force, a part of the residuum, and passed to the residuary devisees. On this question, Judge Simpson said: "In order to determine this question, it will be necessary to decide whether the construction and legal effect of the will are to be governed by the Revised Statutes or by the pre-existing law. The will is dated February, 1851, and the testator died in 1853. It was made before the Re-vised Statutes took effect, and, by section 26 of the chapter on 'Wills' (chapter 106, p. 697), it is expressly declared that the preceding sections of that chapter shall not extend to any will made before the chapter takes effect, but the validity and effect of such will shall be determined by the laws pre-viously in force. Section 20 of that chapter is the one relied

upon to sustain the proposition that the estate devised to the testator's wife is not included in the residuary devise, but passed as in case of intestacy. And it is contended that this section has no operation on the validity and effect of a will, but only on its construction, and is not, therefore, embraced by the provision contained in section 26. It is sufficient answer to this argument to say that the effect of a will must, in a great measure, depend on its construction, and therefore that any law which changes a rule of construction that applies to and governs any of its provisions does, to that extent, determine the legal effect of the will. The object and design of section 20, however, was not merely to fix a rule of construction, but it was to alter the legal effect of a residuary devise, so that where a legacy should lapse it should not belong, as heretofore, to the general residuary devisee, but should pass as in case of intestacy." Prior to the adoption of the Revised Statutes, the general residuary legatee was entitled, in that character, to whatever personal estate might fall into the residue, after making the will by lapse, invalidity, or other accident. See Williams on Executors, 1250; 4 Kent's Commentaries, 541; 1 Jarman on Wills, 304. Other sections of this statute were fully and carefully considered in Dunlap v. Schreve's Ex'rs, 63 Ky., 336, and Chenault's Guardian v. Chenault's Ex'rs, 88 Ky., 88, 10 R., 840, 11 S. W., 424. And in these cases it was held that the intention of the statute was to reverse the common-law rule as to survivorship, and to substitute the heirs at law to the residuary devisee where there were descendants of testator whose legacies or devises had lapsed.

The only remaining question, therefore, to be decided is whether the will of testatrix contains any language which indicates an intention that in case the devises to Joseph Schroeder should fail for any purpose that it should go to

the residuary devisee, rather than under the statute. The will itself contains no provision for such a contingency, and there is no bequest over. If testatrix had died before Joseph Schroeder, it would have been the duty of her executor to have set aside this bequest for the benefit of the devisee, and the residuary legatee would have been limited to the surplus estate after payment of debts, cost of administration, and the various legacies, including the $2,000 to Joseph Schroeder. As there is in the will nothing which indicates that the bequest in the ninth clause should constitute a part of the residue, we are of the opinion that it passed under the provision of the statute as in case of intestacy.

For the reasons indicated, the judgment is reversed and cause remanded for proceedings consistent with this opinion.

Response on rehearing by Chief-Justice Hobson:

In the petition for rehearing counsel insist that the court did not correctly state in the opinion the ground on which an affirmance of the judgment was asked; that their position was not that this was a devise that failed, but that their position was that the conditions precedent named in the ninth clause of the will gave only the potential possibility of a legacy arising thereunder; and that these conditions having not been fulfilled, there was never any such status at law under this clause as constituted a legacy in fact. In other words, they say that the clause of the will as to Joseph Schroeder made a conditional gift, depending for its ripening into a legacy upon conditions precedent that had to happen before it could have any existence as a legacy, and that, therefore, the twelfth or residuary clause of the will became effective just as if the ninth clause had never had a place in the instrument, when Joseph Schroeder died before the testatrix without being restored to his right mind. We so under-

stood the position of counsel on the original hearing, but it seems to us that the language of the statute (Ky. Stat., 1903, sec. 4843) is too broad to admit of this construction. The words are, "which shall fail or be void or otherwise incapable of taking effect." If the word "fail" only were used, there would be more ground for the position of counsel, but we must presume that when the Legislature added the words "or be void or otherwise incapable of taking effect" they contemplated not only the failure of a legacy given absolutely, and without condition, but intended to lay down the rule that should obtain in all cases where the devise is void, or otherwise incapable of taking effect. When Joseph Schroeder died insane in the lifetime of the testatrix, the devise to him became void or otherwise incapable of taking effect, according to the ordinary sense of these words. The statute is not to be strictly construed, but, on the contrary, is to be liberally construed with a view to promote its objects. Kentucky Statutes, 1903, section 460. The Legislature obviously intended by the statute to change the common-law rule, and the broad language employed covers conditional devises no less than those which are absolute where the devisee dies in the lifetime of the testator.

Petition overruled.