## Castleman v. Eastin's Executors, et al.

(Decided September 28, 1917.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Wills—Construction—Lapsed Gift—Intestate Property.—The will of testatrix directed her executor to use the sum of $25,000.00, for the erection of a mortuary chapel in a cemetery, and provided that the chapel, when completed, should become the property of the cemetery. After this and other bequests, the residue of her estate was given to her nephew. The cemetery refused to accept the chapel. Held, that the gift to the cemetery passed as in case of intestacy under Kentucky Statutes 4843, providing that unless a contrary intention shall appear, a devise which fails shall pass as in case of intestacy and not to the residuary legatee; there being nothing in the will indicating an intention that in case the devise to the cemetery failed, it should go to the residuary legatee.

ERNEST W. SPRAGUE, ROBERT J. HAGAN and A. M. MARRETT for appellant.

BURNWELL K. MARSHALL, GIFFORD & STEINFIELD and RANDOLPH H. BLAIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The question on this appeal is, whether Lewis G. Castleman, residuary legatee of his aunt, Fannie Castleman Eastin, is entitled to a fund of $25,000.00, which Mrs. Eastin devised to Cave Hill Cemetery, for the erection of a mortuary chapel, but which the cemetery company refused to accept.

The controversy arises out of the following facts: In a suit by Mrs. Eastin's executor to settle her estate the chancellor fixed a certain location for the chapel. On appeal to this court, a different location was fixed. Carroll v. Cave Hill Cemetery Company, 172 Ky. 204, 189 S. W. 186. On the return of the case, the Cave Hill Cemetery Company declined to permit the executor to erect the chapel at the place fixed by this court. Thereupon the executor, by amended and supplemental petition, set out the foregoing facts and the existence of the conflicting claims, as to the twenty-five thousand dollars ($25,000.00) fund. Lewis G. Castleman, then filed an answer, counter-claim and cross-petition, against all of the parties in interest. Demurrers were sustained thereto,

and the answer, counter-claim and cross-petition dismissed.

The material parts of Mrs. Eastin's will are as follows:

"Second: I direct my executor to set apart twenty-five thousand dollars to appropriate same in the erection of a mortuary chapel, which is to be located in Cave Hill Cemetery just beyond the present basin which is directly opposite to and in front of the gate of entrance to this cemetery and at the end of the avenue leading from this gate. The said chapel I wish erected immediately after my death in a substantial, but artistic, Gothic style of architecture with seating capacity for not less than one hundred and fifty persons. Over the entrance door of this chapel I wish distinctly carved in raised letters the following inscription:

" 'To the Glory of God and in memory of my dear husband, George B. Eastin, and our only child, "Dear Little George." '

"I also desire that behind the pulpit of said chapel there shall be placed in the wall two tablets of stone, one in memory of my dear husband, the other in memory of our 'dear little George,' with name and date of birth and death of each carved distinctly in raised letters. When said chapel is completed, it shall be the property of Cave Hill Cemetery and shall be preserved and maintained by said Cemetery Company."

No. 1.   Codicil:                December 22nd, 1910.

"I desire that my diamond earrings, diamond brooch, diamond watch and diamond finger rings, be sold privately by Mr. Kendrick of firm of 'Kendrick & Sons,' in Fourth Ave., of Louisville, Ky., and that all my pearls be given to my niece, Julia Carroll. I desire that my wearing apparel, all my laces, white and black, be given to my niece, Mrs. Margaret B. Long, of St. Louis, and my sister, Mrs. Belle C. Carroll, both drawing lots for same. I bequeath my portrait of myself to Mrs. Long. The portraits of my dear husband and our 'dear little' George' (all painted by myself) to be given to the only brother, Preston Eastin, of Lexington, Ky., and to his wife and son, David Eastin; I desire the proceeds of my jewels to be put to my estate and that the residue of my estate be given to my nephew, Lewis G. Castleman, son of my dear twin brother."

Section 4843, Kentucky Statutes, is as follows:

"Unless a contrary intention shall appear by the will such real or personal estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall not be included in the residuary devise contained in such will, but shall pass as in case of intestacy."

The appellant, Lewis G. Castleman, claims the $25,000.00 under the following provision of the will:

"I desire the proceeds of my jewels to be put to my estate and that the residue of my estate be given to my nephew, Lewis G. Castleman, son of my dear twin brother." The argument in his behalf is as follows: The testatrix merely empowered her executor to use the $25,000.00 for the purpose of erecting a chapel in the cemetery, and provided that the chapel, when completed, should become the property of the cemetery company. Hence, there was no devise or bequest of the fund to the cemetery company, and that being true, there was no lapse which would bring it within the purview of the statute. It seems to us that this would be giving effect to the shadow and not the substance. The executor was not merely empowered, but specifically directed, to set apart and use $25,000.00 in the erection of the mortuary chapel. It cannot be doubted that, if the cemetery company had acquiesced in the location fixed by this court, and had elected to accept the devise, it could have compelled the executor to comply with the will and erect the chapel. "Unless a contrary intention shall appear by the will," says the statute, "such real or personal estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, etc." This language is broad and comprehensive. It covers not only real and personal estate, but any interest therein, as shall be comprised in any devise in such will. Clearly the devise of the fund for a particular purpose, coupled with the positive direction that it should be used for that purpose, and that the title of the property resulting from such use, should belong to the cemetery company, gave to that company such an interest in the fund as is covered by the statute.

It remains to determine whether there is any language in the will indicating an intention that in case the devise in question should fail for any reason, the fund should go to the residuary legatee, rather than under the statute. The residuary legatee was given merely

the residue of the estate, after the payment of certain bequests and the appropriation of the sum of $25,000.00, for the purpose of erecting the chapel. The will is absolutely silent as to what should become of the fund in question, should the cemetery company refuse to accept the chapel. There being nothing in the will which indicates that in case of lapse, the fund in question should constitute a part of the residue of the estate, we are of the opinion that it passed under the statute as in case of intestacy, as held by the chancellor.

Judgment affirmed.