## Hodges' Adm'r (Moss) et al. v. Hodges et al.

June 15, 1943.

678

M. O. Scott and Milby & Henderson for appellants.

Joseph Martin and C. R. Walden for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing in part and affirming in part.

This appeal is from that part of a judgment holding the will of Lewis Z. Hodges to be void because of uncertainty. The will follows:

"March 20th, 1941.

"Know all persons by this my own Handwriting that I have turned over my pool stocks and everything that belongs to me to my sister Mattie S. Hodges and Otis Moss. Her Self appointed Heir and Administrator, to have and to hold as their own forever it is our will that Otis Moss pay sister Lees heirs a fair price for Her third of the land, and hold the farm all together as I have done at my death.
"Lewis Z. Hodges"

In urging the court erred in adjudging the will to be void because of uncertainty, the appellants insist that no particular form of expression is necessary to create a legacy or devise, it being sufficient that the maker of an instrument intend to dispose of property after his death, and further that all differences or ambiguities arising in a will are to be resolved in favor of total testacy and the whole of the instrument will be taken into consideration. The appellees insist the writing in question is not testamentary in character or nature, and even if it were it is void because of its uncertainty.

We are of the opinion that the paper is testamentary in character, and that it is not void because of uncertainty. A review of the circumstances surrounding its execution leads us to this conclusion. Lewis Z. Hodges, Mattie S. Hodges, S. Lee Hodges, W. S. Hodges and Viola Moss were the children of Mrs. S. S. Hodges. Otis Moss is a son of Viola Moss. Mrs. Hodges left the Hodges home place, consisting of 202 acres, to Lewis Z.

Hodges, Mattie S. Hodges and S. Lee Hodges. S. Lee Hodges died in 1912, leaving a paper under which she attempted to entail her interest in the land through the blood of the Hodgeses forever. Lewis Z. Hodges died in January, 1942. Mattie S. Hodges predeceased him, but left no will. The present action was instituted for the purpose of having the land sold and the proceeds divided among the heirs, it being agreed by all parties that this should be done. During the progress of the proceeding the chancellor was called upon to construe the wills of S. Lee Hodges and Lewis Z. Hodges. He held both of them to be void because of uncertainty. All of the parties agree that the ruling was correct as to the will of S. Lee Hodges. They agree also that Lewis Z. Hodges died intestate as to the part of his estate which he willed to his sister, Mattie S. Hodges, who predeceased him. Castleman v. Eastin's Ex'rs, 176 Ky. 762, 197 S. W. 445.

The writing in question says, in effect, that Lewis Z. Hodges, by his own handwriting, was giving everything that belonged to him to his sister, Mattie S. Hodges, and his nephew, Otis Moss. He designated Mattie S. Hodges as an heir and administrator. The beneficiaries were to have everything that belonged to the testator to have and to hold as their own forever. The latter part of the writing shows that Lewis Z. Hodges wanted Otis Moss to buy the third interest in the land which had belonged to S. Lee Hodges, and further that he wanted Otis Moss to hold the farm together as he had done. Clearly, the instrument is testamentary in character. Nor can it be said that it is vague and uncertain, and therefore void, because the testator gave everything that belonged to him, which naturally would include all kinds of property, to Mattie S. Hodges and Otis Moss.

As pointed out in the case of Howard's Ex'r et al. v. Dempster, 246 Ky. 153, 54 S. W. (2d) 660, and the cases cited therein, any writing executed with the formalities of a will, no matter in what form, if intended as a will, and not to take effect until the maker's death, may be construed as testamentary and admitted to probate, provided it is revocable at any time at the pleasure of the maker. If, on the other hand, it vests a present interest in the beneficiary, it is irrevocable and therefore not a will. If no binding obligation is created, and no present interest passes, the instrument is revocable and

will be looked upon as being testamentary in character. Whether Lewis Z. Hodges gave any personalty to Mattie S. Hodges and Otis Moss at the time he wrote his will in March, 1941, is not shown from the record. It is clear, however, that he did not convey his realty to them because the record makes no mention of a deed.

The testimony of the administrator would indicate that no part of the estate was relinquished when Lewis Z. Hodges made his will, with the possible exception of the pool stocks, because he said he was present when the appraisers listed and valued the personal property; there was insufficient personal property to pay his debts; a check for $98 was given to a doctor by Lewis Z. Hodges on the day he died; and prior to his death Lewis Z. Hodges made his home at the home place. Furthermore, it was alleged in the petition that the testator left a personal estate valued at approximately $400, which consisted of livestock, house furnishings and farm tools. All of this would indicate that Lewis Z. Hodges did not turn over everything he owned to his sister Mattie and Otis Moss at the time he wrote his will, but rather continued to retain possession of it, and therefore could have revoked the writing at any time.

It follows that the part of the judgment holding the will of Lewis Z. Hodges to be void is reversed, with directions to set it aside and for the entry of a judgment on that phase of the case in conformity with this opinion. The other parts of the judgment are affirmed.