## De Lapp v. Anderson.

May 23, 1947.

William H. Field, Judge.

334

Woodward, Dawson, Hobson & Fulton and Henry D. Hopson for appellant.

Maxwell Brown for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

The appellant offered the following instrument for probate as the last will and testament of Sara B. Anderson.

> "113 E. Jefferson St.
> "Louisville, Ky.
>
> "Dear Brother DeLapp:
>
> "I am sending you a cashiers check for the $5000.00 I wrote you about last week.
>
> "Now as to my heirs—I have three nieces, and a husband who has had enough.
>
> "I'm not interested in any of them. If I leave $5.00 or $5,000.00 I want the church to have it.
>
> "Sincerely
> "7-8-41            Sara B. Anderson."

The Jefferson County Court refused to probate the above. Statement of appeal was thereupon filed with the Jefferson Circuit Court. The case was submitted upon the record and the Judge of the Circuit Court sustained the ruling of the County Court and rejected the offered writing, holding it not to be the will of Sara B. Anderson. The above letter was written wholly in the handwriting of Sara B. Anderson and signed by her.

We have many cases dealing with the probation of a letter as the last will and testament of the writer thereof. Difficulty arises in a determination as to whether or not such letter is testamentary in that there is ordinarily contained in such letters matters lying outside of the realm of the testamentary part. In the instant case

there appears to have been other letters written relative to a loan of $5,000, and a note evidencing that loan. The first part of this letter is addressed to that question, and the confusion arises in attempting to connect that portion of the letter with the testamentary part thereof. The testamentary part of the letter commences "Now as to my heirs." She states that she has three nieces and a husband, and further states that they have had enough and that she is not interested in them. She then states that if she leaves $5 or $5,000 "I want the Church to have it." The inherent, intrinsic and essential elements of a will are present in the testamentary part of this letter. The preliminary correspondence relative to the loan of $5,000 does not enter into the true test of the validity of this will. The note was due and payable on or before January 2, 1943, which was a little less than 18 months after the execution and delivery of the note. It could reasonably be anticipated that she would live to collect that note and have the proceeds thereof, or a part of it, in her estate. Consequently, the note has nothing to do with the portion of the letter to be considered as the testamentary part thereof. She says, "If I leave $5.00 or $5,000.00 I want the church to have it." This meets the test both of an holographic or an attested will in that it must pass an interest which is to take effect upon the death of the testator. Whether she had notes, stocks, bonds, or real estate does not matter. She wants the church to have it. The inherent elements of an informal document such as a letter or a memorandum, frequently probated as holographic wills, do not differ from those of an attested will, practically the only difference being, according to the terms of the statutes, that a holographic will must be wholly in the handwriting of the testator. The essentials necessary to fulfill the requirements of the rule for determining whether or not an instrument is a will are well covered in Howard's Ex'r et al. v. Dempster, 246 Ky. 153, 54 S. W. 2d 660, in which it was stated:

"The rule for determining whether or not an instrument is a will is thus stated in Little's Administrator v. Sizemore, 208 Ky. 135, 270 S. W. 729: 'Any instrument executed with the formalities of a will, no matter in what form, if intended as a will, and not to take effect until the maker's death, may be construed as testamen-

tary and admitted to probate, provided it is revocable at any time at the pleasure of the maker. Whether the instrument is revocable or not depends on its legal effect when executed. If, then, it becomes a binding and enforceable obligation, or vests a present interest in the beneficiary, it is irrevocable, and therefore not a will. On the other hand, if no binding obligation is created, and no present interest passes, the instrument is revocable and will be deemed testamentary in character.''

Appellee seems to take the position that the instrument in question is irrevocable, and consequently, must fail as a testamentary instrument, and cites numerous cases so holding. However, these cases are not determinative here since the instrument herein is obviously revocable. All that would have been necessary for the writer of this letter to do would be to write another will or another letter revoking the former and making disposition of her property.

The instrument in question meets the test of formality. It shows what the testatrix desired to be done with her property after her death. It was written wholly in the handwriting of the testatrix and signed by her, and is complete in itself. It appears to us that it fulfilled every requirement of the essential elements of a will. See also Wells v. Lewis, 190 Ky. 626, 228 S. W. 3; Wilson et al. v. Wilson et al., 188 Ky. 53, 221 S. W. 874, 10 A. L. R. 780; and Midlow et al. v. Ray's Adm'x et al., 302 Ky. 471, 194 S. W. 2d 847.

The judgment is reversed for entry of judgment in conformity herewith.