Fred **TIMMONS** and Arthur Bryson, Jr., Administrator de Bonis Non with Will Annexed of the Estate of George D. Graham, Deceased, Appellants,

v.

Raymond **GRAHAM** et al., Appellees.

Court of Appeals of Kentucky.

March 14, 1958.

Rehearing Denied May 9, 1958.

**358**

H. R. Wilhoit, Grayson, Arthur T. Bryson, Arthur T. Bryson, Jr., Ashland, for appellants.

John Smith, Catlettsburg, for appellees.

CAMMACK, Judge.

This contest over the estate of George D. Graham is between the appellant, Fred Timmons, a brother-in-law of Graham, and the appellees, his brother and sister, and only surviving heirs. Timmons claims under Graham's 1948 will and the appellees claim Graham died intestate. The appeal is from a judgment upholding the contention of the appellees.

The controversial provision of the will follows:

"Second: I hereby give and bequeath and devise to my wife, Norma Graham, of Ashland, Boyd County, Kentucky, all of my property, of whatever kind, nature or description, whether it be real estate, personal property or mixed, and wherever located or situated, to have and to hold absolutely as her own, and in the event of her death any of my property not disposed of or alienated by her shall go to Fred Timmons, my brother-in-law; nothing herein contained shall restrict or prevent the free alienation or disposal of any property during her lifetime."

Mrs. Graham died in June, 1955. Mr. Graham died in March, 1956. The will was duly probated and Arthur T. Bryson, Jr., one of the appellants, was appointed administrator with the will annexed. In June, 1956, this action was instituted by the appellees. They claimed Graham died intestate and the property descended to them as his sole heirs. They assert that the will gave Mrs. Graham a fee simple estate and since she died before her husband the devise to her lapsed under KRS 394.500. Timmons insists that the will gave his sister, Norma Graham, a life estate in all of George Graham's property with power of encroachment, and gave the remainder of the same property to him upon his sister's death. He argues also that the will was not defeated when Norma Graham predeceased her husband. In upholding the contention of the appellees we think the trial court erred.

The structure and phraseology of Graham's will leave us without doubt under our holding in the case of Collings v. Collings' Ex'rs, Ky., 260 S.W.2d 935, that Norma Graham was given a life estate in all of Graham's property with power to encroach or consume and dispose of during her lifetime. At her death all property not disposed of or alienated by her was to go to

Timmons. The last clause of the one-sentence will stated clearly that Norma Graham's disposition or alienation of the property could not be interfered with during her lifetime. Clearly, therefore, she had no power to dispose of any of the property by will, nor could Timmons question her actions in relation to the property. Under the Collings case Norma Graham was restricted to inter vivos transactions, and she was limited to an estate less than a fee simple one.

■ This is the first case that has come to our attention where a will devising a consuming or enlarged life estate has involved a question of acceleration. Graham's will dealt with his entire estate. It created two estates, or interests; the first to his wife for life, and the remainder to his brother-in-law, Fred Timmons. Timmons had lived with the Grahams for many years. The only events necessary for Timmons to come into his estate were the deaths of Graham and his wife. Graham's intent was clear as to Timmons taking the remainder, regardless of when Norma Graham died. The fact that Norma Graham predeceased her husband some eight months did not cause her devise to lapse. At that time Timmons' estate became certain in quantity and extent, and the fact that it comprised the whole of George Graham's estate did not alter the case, Graham having expressed a clear intent that he wanted his wife and his brother-in-law to have all of his property. There was no lapsed legacy to pass by intestacy. Furthermore, the will contained nothing in the manner of a residuary clause, so KRS 394.500 has no bearing on the case. We have noted also that the will expressed a clear intent for the remainder to go to Timmons.

■ It has long been held in this jurisdiction that the death of the first taker before that of the testator does not cause the devise to a remainderman, who takes upon the death of the first taker, to lapse. Such a devise to the remainderman (Timmons in this case) accelerates and he takes un-

conditionally under the will at the death of the testator (George Graham in this case). Armstrong v. Armstrong, 14 B.Mon. 333, 53 Ky. 333. See also Annotation 133 A.L.R. 1372.

It follows from what we have said that we think the judgment should be and it is reversed, with directions to set it aside, and to enter one in conformity with this opinion.