Ernest SMITH et al., Appellants,

v.

BOWLING GREEN BANK & TRUST COM-
PANY, Executor of Crit Smith, De-
ceased, et al., Appellees.

Court of Appeals of Kentucky.

June 13, 1958.

G. D. Milliken, Sr., G. D. Milliken, Jr., Bowling Green, for appellants.

Coleman, Harlin & Orendorf, Charles R. Bell, Bell, Orr & Reynolds, Leland H. Logan, Bowling Green, Thomas Underwood, Jr., Lexington, for appellees.

CAMMACK, Judge.

This action was instituted by the appellee, Bowling Green Bank & Trust Company, executor of the estate of Crit Smith, and administrator with the will annexed of the estate of Dora Edwards Smith, wife of Crit, against the appellants, Ernest Smith and other heirs of Crit Smith, and against the heirs of Dora Edwards Smith (also appellees), to require the heirs of both decedents to set up their claims under the wills of the two decedents. The Bank deemed it necessary for the court to construe the wills to determine which of· the sets of heirs was entitled to take thereunder. This appeal is from a judgment on a directed verdict for the heirs of Dora Edwards Smith.

The appellants contend that the evidence was sufficient to present a question for the jury on whether Crit and Dora Edwards Smith entered into an oral contract to execute mutual wills. The heirs of Dora Edwards Smith contend that the

trial court properly directed the verdict in their favor.

In March 1940, Mr. Smith executed a will which, after providing for administrative and funeral expenses and purchase of a suitable monument, left the balance of his estate to his wife unless she should predecease him or they should die in a common calamity, in which event the estate was left per stirpes to his living brothers and sisters and the legal representatives of deceased brothers and sisters. In 1947 Mrs. Smith executed a holographic will in which she provided for the payment of debts, funeral expenses and purchase of a suitable monument, and left the remainder of her estate to her husband, Crit Smith. Mr. Smith died in 1954 and his estate passed, under his will, to Dora Edwards Smith. Mrs. Smith died in 1956, leaving the holographic will executed in 1947.

The appellants argue that Mr. and Mrs. Smith had an oral agreement whereby Mrs. Smith would leave any property she received under Mr. Smith's will to his heirs. There is evidence which indicates that Mrs. Smith intended the property left by her to pass in that manner. But there is no evidence of any agreement between the Smiths to that effect. Mrs. Smith may have been mistaken as to the effect of her will, but we are restricted to the question of interpreting her written statements and cannot consider her oral expressions of intent. Mr. Smith having predeceased Mrs. Smith, and having left no lineal descendants, the property left to him by her, which comprised her entire estate aside from the exceptions stated in her will, passed as intestate property under the statute governing a lasped devise. KRS 394.500. See Schroeder v. Bohlsen, 119 Ky. 305, 83 S.W. 627, 84 S.W. 535. The trial court so found and acted properly in directing the verdict for the heirs of Dora Edwards Smith.

Judgment affirmed.