Eura Nall SONNER and J. C. Nall, Appellants,

v.

Eugene NALL et al., Appellees.

Court of Appeals of Kentucky.

March 31, 1967.

John D. Miller, Owensboro, Kenneth N. Ragland, Calhoun, for appellants.

W. Mallam Lake, Lake & Bratcher, Hartford, for appellees.

NOLAN CARTER, Special Commissioner.

Mrs. J. T. Nall, who was the same person as Verna Nall, died on or about December 8, 1963, a resident of McLean County, Kentucky.

Several numbered handwritten sheets of tablet paper, the first of which bears the date October 10, 1960, and subscribed "Mrs. J. T. Nall", were offered for probate in the McLean County Court, and were admitted to probate as the will of Mrs. J. T. Nall on December 21, 1963.

After the purported will of decedent was admitted to probate, appellants, Eura Nall Sonner and J. C. Nall, children of decedent, filed this action in the McLean Circuit Court against Eugene Nall, Gates Nall, Emogene Nall Atherton, also children of decedent, Marvin Eugene Carter, an infant and grandchild of decedent, and Gates Nall, the executor named in the purported will, seeking a judgment declaring the purported will null and void and of no effect because "it is so ambiguous and indefinite that it fails to disclose a meaning or the intentions of the testator in any realistic sense."

The parties to the action are all named as beneficiaries in the purported will, and we assume are all the heirs at law of the decedent.

By agreed order, the case was submitted to the court upon the record, and briefs of counsel. The circuit court entered judgment on March 29, 1966, adjudging "that the paper offered for probate in the McLean County Court as the holographic will with codicils of Mrs. J. T. Nall, deceased, was properly admitted to probate by said court." From this judgment, appellants have prosecuted this appeal.

█ From reading the record, it appears that there is some misconception upon the question of when a purported will may or may not be admitted to probate. The rule as to admissibility of a writing to probate

is thus stated in Moss et al. v. Hodges et al., 294 Ky. 677, 172 S.W.2d 584:

"Any writing executed with the formalities of a will, no matter in what form, if intended as a will, and not to take effect until the maker's death, may be construed as testamentary and admitted to probate, if revocable at any time at the pleasure of the maker."

See also DeLapp v. Anderson, 305 Ky. 333, 203 S.W.2d 388; Howard's Executor v. Dempster, 246 Ky. 153, 54 S.W.2d 660.

■ Matters of construction or interpretation of the instrument, as well as the validity of particular devises, are not to be considered by the probate court in determining whether an instrument should be admitted to probate. Wells v. Lewis, 190 Ky. 626, 228 S.W. 3.

■ The writing is admittedly wholly in the handwriting of decedent. It was intended by Mrs. Nall to be her will, for at its beginning she states, "This is my last will". The document is subscribed as required by statute, except as to some writing on the back of page 3. It is clear from a reading of the instrument that it is not intended to take effect until Mrs. Nall's death, and it is revocable at any time. It follows, therefore, that the writing was properly admitted to probate.

■ But the admission of the instrument to probate does not preclude an attack upon its validity by an action filed in the circuit court. Whether the purported will should be held void in toto because it is so uncertain, vague, ambiguous or illegible that the intention of decedent cannot be ascertained without resort to guesswork or speculation, or because one or more of its provisions violates the rule against perpetuities, or because one or more of its provisions are invalid for any reason, is the *real* question to be determined upon this appeal.

■ The original of the purported will is filed with the record. The court has read the several pages which are written in pencil, and while the instrument is by no means a model of penmanship, punctuation or grammar, the court does not find the document illegible. It is true, as contended by appellants, that where the *entire* purported will is so vague and indefinite that the decedent's intent as to all of the bequests and devises attempted to be made cannot be ascertained from the instrument itself without resort to speculation, then the court will declare the entire instrument void. Such a document was under consideration in the case of Johnson v. Johnson, 312 Ky. 773, 229 S.W.2d 743, cited and relied on by appellants.

But there are many wills which the courts have decided are partially valid and partially invalid. The following: Futrell v. Futrell's Extr., 224 Ky. 814, 7 S.W.2d 232; Winn v. William, 292 Ky. 44, 165 S.W.2d 961 and Batts v. Fugate, Ky., 317 S.W.2d 856, cited and relied on by appellants, are such cases.

■ Where a will contains both valid and invalid provisions, the will is never held null and void in its entirety, but is adjudged to be the will of testator, and is executed as to all of the provisions which are valid. In 57 Am.Jur., Wills, paragraph 38, it is said:

"The failure of one part of a will for invalidity or other cause does not affect those portions of it which are valid. * * Clearly, where a will has at least one valid clause bequeathing a plain and definite legacy, it may be entitled to probate notwithstanding the invalidity of the other provisions."

■ At three places in the purported will, Mrs. Nall undertakes to devise a life estate in all her property to appellee, Eugene Nall. At page 1, she writes: "I want Eugene Nall to have everything his lifetime." At page 3, she states: "Eugene is to have everything his lifetime." And on

the back of page 3: "The land all goes to Eugene Nall his lifetime."

It is thus made abundantly clear that the paramount concern of Mrs. Nall was the welfare of Eugene Nall, and the court finds no difficulty in holding that the above-quoted writings constitute a valid and binding devise of a life estate to Eugene Nall.

This is not an action seeking a construction of the purported will, but is an action to have the *whole instrument* declared void for uncertainty. Since a portion of the purported will is valid, and without determining the validity or invalidity of the remaining provisions of the instrument, we hold that the purported will under discussion is the true last will of Mrs. J. T. Nall.

The judgment is affirmed.

All concur.