**William A. SETTLE, Committee For Frances R. Settle, An Incompetent et al., Appellants,**

**v.**

**Gabriel VERCAMP, Individually, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

As Modified on Denial of Rehearing Oct. 20, 1972.

Thomas E. Sandidge, James S. Sandidge, Sandidge & Sandidge, Owensboro, for appellants.

Philip B. Hayden, Ownesboro, Herbert Schultzman, Paducah, Grover C. Cox, Owensboro, for appellees.

VANCE, Commissioner.

The question presented by this appeal is: When a will devises a life estate without designating a remainderman and the devisee dies before the testator, does the fee in the property which was impressed with the life estate pass under the residuary clause of the will or does it pass to the heirs at law of the testator by virtue of KRS 394.-500 relating to lapsed legacies. The judgment appealed from held in favor of the residuary legatees and devisees.

Joseph Gustave Settle, a resident of Daviess County, Kentucky, provided in his will as follows:

"Owensboro Kentucky
December 30-1957-
   This is my will.

I want my Sister Miss Willie Settle to have a good living out of my Estate, and to have anything she may desire that is a necessity for her so long as she may live. At her death there be no claim from any one else against my Estate, so far as she be concerned, in this will.

I want one $1000. thousand Dollars placed in Trust for my Sister Mrs. Francis Settle, to be used as necessary for living, and at her death any amount not having been used by her shall go back to my Estate.

I want my nephew Harvey Willett, to have $1000. to be in Trust, to be used as may be most needed for his living and health.

I want ($500,00 five Hundred Dollars) to be put in Trust for my nephew W. A. Settle to be used as may be necessary for his living and health.

I want the rest of my Estate to be divided between the Monks of St Minard, Ind and the Monks of Our Lady of Gethsemani Trappist Kentucky, and the Little sisters of the Poor, Evansville Ind

Joseph Gustave Settle
814 E 4th Street
Owensboro Kentucky"

Willie Settle predeceased the testator and did not leave issue. The residuary legatees claim the entire estate except the three cash bequests amounting to $2,500.00. The heirs at law contend that the property which was given for the use of Willie Settle during her lifetime passed directly to them under KRS 394.500 which provides as follows:

"Unless a contrary intention appears from the will, real or personal estate, comprised in a devise incapable of taking effect, shall not be included in the residuary devise contained in the will, but shall pass as in case of intestacy."

It is conceded apparently by all parties that the devise to Willie Settle was in the nature of a life estate with power to consume the principal rather than the devise of the fee.

No decision of this court dealing with the precise question involved here has been cited by any of the parties.

■ We have held that conditional bequests which failed because the stipulated conditions did not arise should be regarded as lapsed and the estate devised should pass to the heirs rather than the residuary devisees. Schroeder v. Bohlsen, 119 Ky. 305, 83 S.W. 627 (1904) and Castleman v. Eastin's Ex'rs, 176 Ky. 762, 197 S.W. 445 (1917). In Schroeder and Castleman the devises, upon the happening of the condition, would have transferred the entire interest in the property. When the condition failed to materialize the devised estate remained to be otherwise disposed of. ·

This controversy raises the question of the meaning of the phrase *real or personal estate comprised in a devise incapable of taking effect* as used in KRS 394.500. Does the statute mean that when an *interest* in property is devised which is incapable of taking effect that the *fee* in that property passes as in the case of intestacy or does it mean that only the *interest in the property* devised which is inacapable of taking effect shall lapse and that *interest in the property* shall pass as in the case of intestacy? The decisions in *Schroeder* and *Castleman* are not helpful in answering that question.

We have considered the applicability of KRS 394.500 to life estates but not in the exact situation presented here.

■ When a life estate was devised without a remainder over and the will contained a residuary clause we have held that the property to which the life estate was applicable passed under the residuary clause rather than as intestate property when the life tenant survived the testator. Sigmon v. Moore's Adm'r, 297 Ky. 525, 180 S.W.2d 420 (1944) and Lester's Adm'r v. Jones, 300 Ky. 534, 189 S.W.2d 728 (1945).

■ When the life tenant dies before the testator and the will designates a remainderman we hold that the legacy does not lapse but that the remainder is simply accelerated and passes to the remainderman rather than to the heirs. Timmons v. Graham, Ky., 312 S.W.2d 357 (1958).

■ We think that the property in this case should pass under the residuary clause for at least two valid reasons. First, the devise of a life estate in property necessarily leaves a future interest which is undisposed of by the grant of the life estate. This future interest is often disposed of in the same clause in the will which grants the life estate by the designation of the re-

mainderman. If no remainderman is designated, however, the future interest remains outstanding and undisposed of and is therefore a part of the testator's estate to which the residuary clause of his will is applicable under the reasoning of Sigmon v. Moore's Adm'r, supra, and Lester's Adm'r v. Jones, supra.

Secondly, a life estate is a separate and distinct interest in property and if the devise of a life estate is incapable of taking effect by reason of the death of the life tenant before the death of the testator the devise of the life estate would lapse under KRS 394.500 but it does not follow that any provision in the will for the disposition of the future interest in the property upon termination of the life testate should also lapse. The future interest in such a case is accelerated according to the rule of Timmons v. Graham, supra. Thus if there is a provision in the will applicable to the disposition of the future interest it comes into effect at the death of the life tenant.

In Golladay v. Thomas, 33 Ky.Law Rep. 829, 111 S.W. 721 (1908), the will devised the life estate with a remainder over. The life tenant predeceased the testator and in the course of the opinion this court stated that the legacy lapsed pursuant to KRS 394.500 unless a contrary intent was expressed in the will. This expression was unnecessary to the decision because the court held that the designation of remainderman indicated the intent that the legacy should not lapse and the result was thus in accord with Timmons v. Graham, supra. We hold that when the real or personal estate comprised in a devise incapable of taking effect is an *interest* in property less than the fee KRS 394.500 is applicable only to the *interest* in the property devised which is incapable of taking effect. The dictum in Golladay v. Thomas, supra, to the contrary is expressly overruled.

The judgment is affirmed.

All concur.