SISTERS OF DIVINE PROVIDENCE OF KENTUCKY, INC., et al., Appellants,

v.

Susanna B. WHALEN, Executrix Under Will of Mary George Peters, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1974.

As Modified Nov. 14, 1974.

**632**

Benton, Benton, Luedeke & Rhoads, Newport, for appellant, Sisters of Divine Providence of Kentucky, Inc.

Hays & Hays, Winchester, Robert H. Hays, Lexington, for appellants, James K. Brown, Patricia W. Brown and Sue A. Brown.

White, McCann & Stewart, Winchester, for appellee.

CULLEN, Commissioner.

We have an appeal by Sisters of Divine Providence of Kentucky, Inc. (owner and operator of St. Agatha Academy of Winchester, Kentucky), and another appeal by James K. Brown (and his wife) and Sue A. Brown, from a judgment holding that neither of the appealing units was entitled to take any interest under the will of C. B. George, deceased.

The pertinent part of the will is Item 6, which reads as follows:

"Item 6. I also will and devise to my said daughter all of the real estate of which I die the owner, to her, to have and use for and during her natural life, and at her death, to go absolutely and forever to any child, children or descendants she may leave surviving her; but if she should die without leaving any child, children or descendants surviving her, then it is my will that all of my real estate shall go to and vest, share and share alike, in my nieces and nephews. I will after the death of my daughter, that any part or share of my estate going to my niece, Maggie George, shall be held in trust for her support and the support of her two children, until they are twenty-one years of age or until her death, at such time anything of value of this estate belonging to Maggie George, shall be turned into the St. Agatha Academy, Winchester, Kentucky. Should any of my nieces or nephews die before the death of my daughter leaving descendants, then such descendants shall take the share their parents would have taken if living."

The controversy is as to the devise of the share to Maggie George, for her support for life and the support of her two children to age 21, with remainder to the Academy, which devise was to take effect if the testator's daughter died without surviving descendants. She did die without surviving decendants, and the problem arises from the fact that Maggie had died, and her children (James and Sue Brown) had reached the age of 21, before the death of the testator's daughter.

The circuit judge held that the Academy could not take because:

"1) The decedent intended to establish a contingent consuming trust for the primary benefit of Maggie George and her two children, with the residual beneficiary being the Sisters of Divine Providence of Kentucky, Inc. However, the contingencies upon which the trust was to be established did not occur, and therefore the trust never came into existence. Since the trust did not come into existence, no portion of the estate could vest in the residual beneficiary."

He further held that the Browns could not take because, under the last sentence of Item 6 of the will, which provided that if a niece or nephew died leaving descendants such descendants should take the share

their parent would have taken if living, the Browns as Maggie's descendants could take only the share Maggie would have taken if living, and since that share was only an estate for Maggie's life, and Maggie was dead, there was nothing for the Browns to take. The judgment awarded the share in question to the other nieces and nephews of the testator (and the descendants of those who had died before the testator's daughter).

We do not accept the premise upon which the circuit court held that the Academy was not entitled to take. The premise was that if a remainder is provided for, to follow a consuming trust for a life beneficiary, and the trust does not come into existence because of the death of the life beneficiary before the time specified for the trust to commence, the remainder fails. None of the parties on this appeal has undertaken to supply authority for that proposition.

This court has held, with respect to a *consuming life estate* with a remainder devise, that if the life estate fails by reason of the death of the life tenant before the testator's death, the remainder does not lapse but is *accelerated*. Timmons v. Graham, Ky., 312 S.W.2d 357; Settle v. Vercamp, Ky., 485 S.W.2d 251. The mere fact that in the instant case the direction was that the consuming life interest be "held in trust" is not a reason, so far as we are able to determine, why the remainder should not accelerate, rather than lapse, here also. The fact that the trust for life did not come into existence is no reason for lapsing the remainder *in fee* that was to follow the life trust. We see no reason why the testator would have intended the ultimate devise to the Academy not to take effect unless Maggie and her children first got to enjoy the benefits provided in the will for them.

We hold that the Academy is entitled to take under the remainder devise to it. This holding disposes of the claim of the Browns that they are entitled to take.

Their claim had no validity in any event, because it rested on the proposition that the last sentence of Item 6 of the will applied to Maggie's share. As pointed out by the circuit judge, that sentence could not as a practical matter apply to Maggie's share because that share was only a beneficial estate for her life. Furthermore, it is plain that the testator did not intend Maggie's children to take anything under the sentence in question, because in the preceding provisions of the will he made clear his intent that those children were to receive only support to age 21.

To the extent that the judgment denies recovery to the appellants Brown it is affirmed; in all other respects it is reversed with directions to enter judgment in conformity with this opinion.

All concur.