CASE 20—PETITION ORDINARY—DECEMBER 23.

## Isaacs vs. Swan, &c.

APPEAL FROM MARION CIRCUIT COURT.

A will, after two small bequests and a devise of the testator's land to his wife for life, directed a sale of all his estate, except that disposed of by the two bequests and the devise to his wife, and a distribution of the proceeds. *Held*—That the remainder in the land devised to the wife for life, is embraced in the devise to sell.

ROUNTREE & FOGLE, for appellant, cited 7 *Dana*, 314; 7 *Mon.*, 293; 1 *Marsh.*, 490.

T. C. WOODS, for appellee, cited 2 *Will. on Ex.*, *p.* 931, note 3.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The will of John Isaacs, published in 1826, after two small bequests and a devise of a tract of land to his surviving wife for life, directed a sale of all his estate, except that disposed of by those bequests and that devise to his wife, and a distribution of the proceeds among all his children, except one son, to whom he bequeathed $5.

The context and spirit of the will import that the testator did not intend to die intestate as to any portion of his estate, and that he contemplated a final distribution of all of it according to his testamentary wishes, as soon as it could be conveniently effected by sale and otherwise.

The remainder in the land devised to his wife for life was not specifically devised nor expressly mentioned in the will. And the only question in this case is, whether it is embraced in the devise to sell.

The remainder was an essential portion of the testator's estate; and, therefore, is literally and legally included in the residuary devise. This interpretation is fortified by the other considerations indicating the testator's intent.

We are, therefore, of the opinion that the remainder in the land devised to the widow for life, did not descend as undevised estate, but was embraced in the devise to sell all the undevised estate.

Wherefore, as this was the judgment of the circuit court, that judgment is affirmed.