## Borders et al. v. Skiles et al.

Nov. 9, 1943.

Charles R. Bell for appellants.

John B. Rodes for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is a declaratory judgment proceeding which involves the construction of the will of Charles W. Skiles. The will follows:

"I, Charles W. Skiles, of the County of Warren and State of Kentucky, feeling and realizing the uncertainty

of life and certainty of death do hereby make this my last will and testament.

"1st.  It is my will and request that all of my personal property of every description except household and kitchen furniture be sold to the highest and best bidder and the proceeds from said sale, including the cash on hand be applied to the payment of all just claims against my estate, or so much thereof as will be necessary to pay said claims, the balance or remainder of my property both real and mixed to be divided as follows, to wit:  To my beloved wife, Portie Skiles, I hereby give and bequeath all my household goods of every description and one-half interest in the farm upon which I now live, during her natural life, and at her death all of the property herein named, both real and mixed revert back to my estate and become the property of my daughters, Mary K. Skiles and Delia Skiles or their heirs.  It is further my will and request that Delia Skiles, my daughter, have the proceeds and benefit of the remaining one-half interest in the farm upon which I now live.  It is also my will and desire that after my death that Virgil Skiles and Mary K. Skiles, his wife, take possession of my farm known as the Gillum place, containing about 95 acres, improve, govern and control same as they may think most profitable to them until the death of my wife, Portie Skiles, then said farm to become the property of Mary K. Skiles or her heirs or so much thereof, that in the final division of my estate the proceeds shall be equal between my daughters, Mary K. Skiles and Delia Skiles or their heirs.  The main object or purport of this will is to fix or secure my property in a way that it will descend to my daughters and their heirs.  I also authorize request that the court appoint Nat Mercer as guardian to take charge of the estate of my daughter, Delia Skiles, until she shall arrive at the age of 21 years old.  I also appoint Virgil Skiles, husband of my daughter, Mary Skiles, executor, without bond to carry out the provisions of this my last will and testament.''

Shortly after the death of Mr. Skiles in 1908, his two daughters exchanged deeds of conveyance, the purpose of which was to place the fee-simple title to the Gillum farm in Mary.  Mary and her husband have continued to live on the Gillum farm, and Delia and her mother have continued to make their home at the home place.  During the summer of this year Mary contracted to sell the Gillum farm to Forest Borders.  A deed was executed by

Mary, Delia, their mother and the adult children of the two daughters, and tendered to Borders. He refused to accept it because he questioned Mary's right to convey, contending that the infant children of the two daughters had an interest in the property. This action followed.

Of course Borders wants the property, but, naturally, he desires a clear title. The chancellor ruled that the title vested in Mary after the execution of the aforementioned exchange deeds, and that she could convey good title to Borders. We concur in that ruling.

In construing a will we look to the instrument as a whole to determine the intent of the maker. Mouser et al. v. Srygler, 295 Ky. 490, 174 S. W. (2d) 756. There are, of course, certain fixed rules for construing wills, as set forth in the case of Naville v. American Machine Co., 145 Ky. 344, 140 S. W. 559, 37 L. R. A., N. S., 153 (quoted with approval in the case of Stahr v. Mozley, 284 Ky. 552, 145 S. W. (2d) 40). Where the devise is to one and his children forever, or to his heirs, a fee-simple estate is vested, unless the will as a whole shows a contrary intent. Naville v. American Machine Co., supra; Meisberg v. Bryant, 184 Ky. 600, 212 S. W. 600; Simons v. Bowers, 258 Ky. 755, 81 S. W. (2d) 604.

Mr. Skiles said in his will his main object or purpose was to fix or secure his property in a way that it would descend to his daughters and their heirs. The will shows also he intended that the daughters should do what they did, namely, make a fair and equal division of his estate. Our analysis of the will as a whole leads us to the conclusion that Mr. Skiles intended for his wife to have a life interest in one-half of the home place, which she has, and for his daughters to make a fair division of his estate, which they did, with the Gillum place going to Mary. Even if we were in doubt as to the character of the estate intended, we would resolve it in favor of the greater. Simons v. Bowers, supra.

Judgment affirmed.