# Sigmon et al. v. Moore's Adm'r.

May 12, 1944

Fritz Krueger for appellants.
Edwin R. Denney for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Reversing.

In this action a construction of the will of Frank L. Moore was sought. The first, second and third clauses of the will contained specific bequests and devises to the testator's wife, brother and sister. The fourth and fifth clauses were:

"Fourth: I give and bequeath to my wife, Ethla May Moore, the sum of $2000, for her use and benefit during her natural life, with power to dispose of the same by will at the death as she may desire.

"Fifth: All the remainder and residue of my property, real or personal, wheresoever situated that I may own or have the right to dispose of at the time of my death, I give, devise and bequeath to my said wife, Ethla May Moore, for her use and benefit for and during her natural life, or so long as she remains my widow; and at her death, or in the event of her remarriage, I give, devise and bequeath the same as follows:

"(a) I give the sum of $500 to my brother, George D. Moore if he is living at said time.

"(b) I give the sum of $500 to my sister, Nellie Lunsford, if living at said time.

"(c) I give the sum of $50 to Lloyd Griffin, the son of my deceased sister, Edith Bryant.

"(d) I devise my Rockcastle County land to my brother, Fred Moore, in fee simple.

"(e) All the remainder and residue of my property, I give, devise and bequeath to Emmitt Bryant and Lorene Sigmon, two children of my deceased sister, Edith Bryant, equally, share and share alike, absolutely and in fee simple.

"(f) In the event this clause of my will becomes effective by the death of my wife and not by remarriage, I direct that the cost of her last illness and her funeral expenses be paid out of the residue of my estate before any of the foregoing bequests are paid."

The testator's wife did not exercise the power given her by the fourth clause to dispose of the $2000 by will. The controversy is between the testator's heirs at law and the residuary devisees, named in the fifth clause, as to the disposition of the $2000. The trial court adjudged

that it passed as undevised estate to the testator's heirs at law and the residuary legatees appeal.

It is the contention of the appellants that the clause naming them as residuary legatees is a general residuary clause, passing to them all estate of the testator not specifically disposed of, including the $2000. It is our conclusion that the will should have been thus construed.

It is a settled rule of construction that the presumption will be indulged that a testator did not intend to die intestate as to any of his property, and if a will is susceptible of two interpretations, one disposing of property and the other not, that construction disposing of all property will be favored. This rule of construction requires that a residuary clause be construed as a general one unless the language of the will plainly makes it restrictive. Clearly the residuary clause in question is a general one. A general residuary clause should be construed liberally so as to pass all of the testator's estate which is not otherwise disposed of and any exclusion from its operation must be plainly and unequivocally manifested by the will. Page on Wills, Lifetime Ed., Vol. 3 page 86. The devise in the fourth clause of the will was merely a life estate in the $2000, with power of disposition by will, leaving the remainder interest in the testator. This remainder passed under the general residuary clause.

It is contended by the appellees that since the testator's wife did not dispose of the $2000 by will the devise contained in the fourth clause was a lapsed devise, or one incapable of taking effect, which, by virtue of KRS 394.500, was not included in the residuary clause but passed as in case of intestacy. A sufficient answer to this contention is that the devise was not one "incapable of taking effect," covered by the statute. It did take effect. The testator's wife enjoyed her life estate and could have disposed of the remainder by will had she so desired. It was in no sense a lapsed devise, as contended by the appellees.

It is further argued by the appellees that since the residuary clause appeared in the will as subordinate clause "(e)" of the fifth clause it was intended by the testator as a residuary devise only of such property as was mentioned in the fifth clause. We are not in accord with this argument. It places undue emphasis on the

literary arrangement of the will. The language of the residuary clause clearly evidences that it was intended by the testator to be applicable to all of his property, there being nothing to indicate that it embraced only the residue of property devised by the fifth clause. And, while the residuary clause appears in the form of a subordinate to the fifth clause, it is to be noted that it is the final clause in which a disposition of property is made. This is another circumstance indicating that the residuary clause is a general one, rather than a restricted one.

The further argument is made that the testator undoubtedly thought his widow would dispose of the $2000 by will and, therefore, never intended that the residuary clause should be operative as to it. This argument overlooks the rule that it is one of the functions of a residuary clause to dispose of such things as a testator may have forgotten or overlooked or of which he may have been ignorant. 69 C. J. 421. The residuary clause included the testator's remainder interest in the $2000 even though he did not know or believe there would be a remainder.

The appellees rely on Wintuska v. Peart et al., 237 Ky. 666, 36 S. W. (2d) 50, and similar cases, in which it was held that property devised to a life tenant, with power of disposition which was not exercised, passes as undevised estate when there is no devise over. But in the cases so holding there was no general residuary clause. Had there been no residuary clause in the will before us, the $2000 in question would have passed as undevised estate but, as indicated above, it is clear that it passes under the general residuary clause.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.