## Lester's Adm'r et al. v. Jones.

Oct. 5, 1945.

Gordon & Gordon & Moore for appellants.

C. A. Pepper for Unknown Heirs.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

The sole question presented by this appeal is the construction of clauses 2, 3, and 4 of Mrs. Maggie D. Lester's will, which read:

"2nd. I hereby bequeath unto my half-brother, Eurie Jones, the sum of Five Thousand Dollars, ($5000.00) to be paid out of cash on hand from sale of sufficient property to meet such payment and bequest. Be it understood that this bequest of said sum of Five Thousand Dollars to the said Eurie Jones, is for his use during his life time and that at his death (death of the said Eurie Jones) the said sum of Five Thousand Dollars shall revert to my estate and be paid out of estate left by said Eurie Jones to my said estate, without interest during his life time.

"3rd. After payment of said sum of Five Thousand Dollars to my said half-brother, Eurie Jones, and after holding back the sum of Two Hundred Dollars for care and upkeep of the Jones cemetery lot and after holding back another Two Hundred Dollars for care and upkeep and markings of the Lester cemetery lot, I hereby bequeath and transfer and give all of my remaining property of every nature, both personal and real, including Princeton Hotel building, lot, all fixtures and furnishings in said Hotel, etc. unto Mrs. Lucy Brown, of Princeton, Caldwell County, Ky., and Mrs. LaVerne Lester Pollard of Louisville, Jefferson County, Ky., which these two beneficiaries,—Mrs. Lucy Brown and Mrs. LaVerne Lester Pollard,—shall divide equally between themselves through their own handling and arrangements.

"4th. My desire and intention set forth in clause No. 3, next above, is to give full title, possession and ownership to the said Mrs. Lucy Brown and Mrs. La-Verne Lester Pollard, including and covering all of my property, both personal and real, and everything of material value which then remains after paying Five Thousand Dollars to the said Eurie Jones, mentioned above, and holding back the $400 also mentioned above, for maintenance and upkeep of the two cemetery lots

named, and I hereby so bequeath, order and direct in this my last Will."

The question is, Did Mrs. Lester die intestate as to the remainder interest in the $5,000 legacy after the termination of the life estate of Eurie Jones, or did this interest pass under the will to the residuary legatees, Mrs. Lucy Brown and Mrs. LaVerne Lester Pollard? The circuit court adjudged that the testatrix died intestate as to the remainder interest in this legacy.

Mrs. Brown and Mrs. Pollard are nieces of Maggie D. Lester's deceased husband. It appears from the record that the testatrix was the daughter of Mr. and Mrs. Bishop, who were divorced when she was a child. Mrs. Bishop married again and had one child by the second marriage, the appellee, Eurie Jones, who is now 63 years of age. The father of testatrix disappeared and it is not known whether he left other descendants by a subsequent marriage. Lucy Brown was named executrix in the will, but she declined to act, and J. B. Lester was appointed administrator with the will annexed. He brought this action to have the will construed, and made defendants the beneficiaries named in the will and the unknown heirs of Maggie D. Lester. The administrator with the will annexed and the two residuary legatees have appealed, and, in support of their argument for reversal of the judgment, invoke the universally recognized rule of construction that it will be presumed the testator intended to dispose of his entire estate and did not intend to die intestate as to any part thereof, and that presumption may be overcome only where the language of the will clearly indicates the contrary.

In the will before us the testatrix gave to her half-brother, Eurie Jones, the sum of $5,000 "for his use during his life time," and set aside $400 for the maintenance and upkeep of two cemetery lots. In clause 3 she bequeathed all of her remaining property of every nature, both personal and real, to Lucy Brown and LaVerne Lester Pollard. In clause 4 she stated that it was her intention "to give full title, possession and ownership to the said Mrs. Lucy Brown and Mrs. LaVerne Lester Pollard, including and covering all of my property, both personal and real, and everything of material value which then remains after paying Five Thousand Dollars to the said Eurie Jones, mentioned above, and hold-

ing back the $400 also mentioned above.'' The remainder interest in the $5,000 bequeathed to Eurie Jones for life was part of her personal property and was something of material value which remained after payment of the specific bequests. Clearly, it passed under the residuary clause. The presumption against intestacy is stronger where the residuary is disposed of. Ward v. Curry's Ex'r, 297 Ky. 420, 180 S. W. 2d 305; Hardin v. Sherley, 292 Ky. 275, 166 S. W. 2d 425; Medcalf v. Whitely's Adm'x, 290 Ky. 94, 160 S. W. 2d 348, 140 A. L. R. 936; Shaver v. Weddington, 247 Ky. 248, 56 S. W. 2d 980. Rarely are the words of two wills identical or the circumstances surrounding the testators the same, but there are two cases in this jurisdiction quite similar to the present case. In Isaacs v. Swan, 1 Duv. 277, 278, 62 Ky. 277, 278, a will, after two small bequests and a devise of the testator's land to his wife for life, directed a sale of all his estate, except that disposed of by the two bequests and the devise to his wife, and a disposition of the proceeds among all his children except one son, to whom he bequeathed $5. It was held that the testator did not intend to die intestate as to any portion of his estate, and that the remainder in the land devised to the widow for life did not descend as undevised estate but was embraced in the property directed to be sold. In the course of the opinion it was said:

''The remainder in the land devised to his wife for life was not specifically devised nor expressly mentioned in the will. And the only question in this case is, whether it is embraced in the devise to sell.

''The remainder was an essential portion of the testator's estate; and, therefore, is literally and legally included in the residuary devise.''·

In Sigmon v. Moore's Adm'r, 297 Ky. 525, 180 S. W. 2d 420, 422, the testator, after making a number of specific bequests to his wife, brother and sister, in clause 4 of his will bequeathed to his wife the sum of $2,000 for life with power to dispose of same by will. In a residuary clause he gave the remainder of his estate to two children of a deceased sister. The testator's wife did not exercise the power given her to dispose of the $2,000 by will, and it was contended that this was undevised estate, but it was held that the clause naming the two children of testator's deceased sister as residuary legatees was a

general residuary clause and passed to them all estate of the testator not specifically disposed of, including the $2,000. This court said: "A general residuary clause should be construed liberally so as to pass all of the testator's estate which is not otherwise disposed of and any exclusion from its operation must be plainly and unequivocally manifested by the will. Page on Wills Lifetime Ed., Vol. 3, page 86. The devise in the fourth clause of the will was merely a life estate in the $2000, with power of disposition by will, leaving the remainder interest in the testator. This remainder passed under the general residuary clause."

Later in the opinion it was said: "The further argument is made that the testator undoubtedly thought his widow would dispose of the $2000 by will and, therefore, never intended that the residuary clause should be operative as to it. This argument overlooks the rule that it is one of the functions of a residuary clause to dispose of such things as a testator may have forgotten or overlooked or of which he may have been ignorant. 69 C. J. 421. The residuary clause included the testator's remainder interest in the $2000 even though he did not know or believe there would be a remainder."

The chancellor in his opinion placed much stress on the statement in clause 2 of the will that the $5,000 bequeathed to Eurie Jones for life should revert to the estate of the testatrix at Jones' death. Whether or not the will was written by the testatrix does not appear, but apparently it was prepared by a layman unfamiliar with legal terms. When read as a whole, there is nothing to indicate that the testatrix intended to die intestate as to the remainder interest in the $5,000 bequest to her half-brother. The contrary is true. By the residuary clause she intended to dispose of every kind of property, real or personal, not specifically disposed of. The remainder interest in the $5,000 continued to be a part of her estate, and passed under the residuary clause.

The chancellor directed that a bond should be executed by Eurie Jones to the heirs of Maggie D. Lester as security for the principal of $5,000. This bond should be executed to the residuary legatees.

The judgment is reversed, with directions to enter a judgment in conformity herewith.