## Chrisman et al. v. Allman et al.

April 23, 1946.

Andrew E. Auxier for appellants.

O. T. Hinton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK— Affirming.

This appeal involves the construction of certain provisions of the will of M. G. Bowles, deceased. The third provision of Mr. Bowles' will follows: "I devise to my brother, O. C. Bowles, Jr., all of the ground which I own upon which there are three houses, situated on North Hellier Street in the City of Pikeville, Pike County, Kentucky, to be his absolutely and in fee simple."

The fifth clause of the will, which is a general res-

iduary clause, follows: "The residue of my estate of every kind and character I devise to the three children of my deceased brother, C. C. Bowles, to-wit, Harrison C. Bowles, Lorraine Chrisman and Josephine Kirk, share and share alike, to be theirs absolutely and in fee simple."

Mr. O. C. Bowles, Jr., predeceased the testator, childless. It is the contention of the appellants that, since Mr. O. C. Bowles, Jr., predeceased the testator, the Hellier Street property passed to them under the fifth or residuary clause of the will. On the other hand, the appellees contend that the legacy lapsed, and that under KRS 394.500 it passed to the heirs of the testator as undevised property under the laws of intestacy. The chancellor upheld the contention of the appellees, and the appellants are earnestly insisting he was in error.

KRS 394.500 reads as follows: "Void or lapsed devise not included in residuary devise. Unless a contrary intention appears from the will, real or personal estate, comprised in a devise incapable of taking effect, shall not be included in the residuary devise contained in the will, but shall pass as in case of intestacy."

Under the common-law rule the devise to Mr. O. C. Bowles, Jr., would have passed to the residuary devisees, but as early as 1852 that rule was changed in this jurisdiction and since that date the sense of the statute has remained as it stands today. It would serve no useful purpose to cite the many cases wherein this Court has strictly applied the statute where there appeared no intention other than that the lapsed devise should pass as in the case of intestacy.

As pointed out by the appellants, there is always the presumption against intestacy, and the presumption is stronger where the residue of an estate is disposed of. It is true also that one of the functions of a residuary clause is to dispose of such property as the testator may have forgotten or have been ignorant of its ownership. These rules would not warrant this Court, however, in nullifying the aforementioned statute. In the case at bar there was a clear-cut devise to one who predeceased the testator. Certainly that was a devise incapable of taking effect such as referred to in KRS 394.500.

The appellants rely upon the recent cases of Sigmon

v. Moore's Adm'r, 297 Ky. 525, 180 S. W. 2d 420, and Lester's Adm'r v. Jones, 300 Ky. 534, 189 S. W. 2d 728, and cases cited therein. But those cases are illustrative of the line of cases in which property has been held to go to the residuary devisees because there has been a showing of a "contrary intent" on the part of the testator, or where there has been an outright omission of property or failure to dispose of a remainder interest. In the Sigmon case the testator devised to his wife the sum of $2,000 for her use and benefit during her natural life, with power to dispose of the devise at her death as she saw fit. There was a residuary clause to the wife of certain other property and a general residuary clause to certain devisees at the remarriage or death of the wife. The wife died without making any disposition of the $2,000 bequest. Clearly, this was an instance where the testator failed to dispose of a part of his property, namely, whatever was left of the $2,000 devise to his wife in the event she had not disposed of it. So, when the question arose as to whether that interest went to the heirs of the wife or the heirs of the testator, it was naturally held that it went to the latter group. In the Lester case there was a devise of $5,000 to one for life, with the provision that the devise revert to the estate of the testator at the death of the devisee. There was a general residuary clause. The testator did not make any disposition of the remainder interest in the $5,000 bequest, so as in the Sigmon case it was held that the undevised property went to the residuary devisees.

Under the circumstances, we think the chancellor properly upheld the contention of the appellees, and the judgment is affirmed.