**CITIZENS FIDELITY BANK & TRUST CO. v. SCHELLBERG et al.**

Court of Appeals of Kentucky.
March 23, 1951.

Steinfeld & Steinfeld, Louisville, for appellants.

Robert Hubbard, Stanley Briel, Louisville, for appellees Mary L. Schellberg and others.

Ropke, Goldstein, Lampe & Poynter, and Bernard S. Goldstein, all of Louisville, for appellee Pauline Schellberg Kifer.

LATIMER, Justice.

We are concerned here particularly with the third clause of the will of Anna M. Schneider:

"All the balance of my estate of whatever it consists, I give and bequeath to the Fidelity and Columbia Trust Company of Louisville, Kentucky, to be held by them as trustee for the benefit of Pauline Schellberg and Mary Julia Schellberg, daughters of my niece, Mary Louisa Schellberg.

"I further give the Fidelity and Columbia Trust Company, my executor, the power and discretion to use this money for the education of Mary Julia Schellberg and Pauline Schellberg. I hereby appoint the Fidelity and Columbia Trust Company executor of this my last will with power in them to sell any real or personal property that I may leave, for the purpose of carrying out this my last will."

This action was brought by the Citizens Fidelity Bank and Trust Company, Executor of, and Trustee under the will of Anna M. Schneider, deceased, under the Declaratory Judgment Act, to determine whether or not the trust created in the clause of the will above had become a dry or passive trust and further, to determine the rights of all the parties defendant. Among those named as defendants in the action were Pauline Schellberg, now Pauline Schellberg Kifer, and Mary Julia Schellberg, who are named as beneficiaries in the residuary clause of the will above; August Ferdinand Schneider, a brother of the deceased Schneider who had disappeared many years before, and his heirs-at-law Ella Schneider Carle, Leona Getz, Mary Elizabeth Brown, William Frederick Schneider, Jr. and Clarence Byrne.

The court upon consideration of the matter adjudged:

"1. That August Ferdinand Schneider is dead and that the defendants, Ella Schneider Carle, Leona Getz, Mary Elizabeth Brown, William Frederick Schneider, Jr. and Clarence Byrne, are the heirs-at-law of said August Ferdinand Schneider.

"2. That the trust provided for in the will of Anna M. Schneider is not ended and plaintiff cannot be discharged as trustee under said will.

"3. That said trust created by the third clause of the will of the decedent, Anna

M. Schneider, is not a dry trust but is an active trust.

"4. That the defendants, Mary Julia Schellberg and Pauline Schellberg Kifer are not entitled to receive the estate now in the hands of the plaintiff as trustee, as they are life tenants only and at the death of the survivor of them the remaining estate of Anna M. Schneider passes by intestacy to her heirs-at-law.

"5. That said estate of Anna M. Schneider, both real and personal, passes under the third clause of said decedent's will; said third clause of the will is construed to mean that a life estate is given to Pauline Schellberg, now Pauline Schellberg Kifer, and Mary Julia Schellberg during their life time, and that on their death the remainder estate of Anna M. Schneider, both real and personal, passes to her heirs-at-law.

"6. That the defendants, Ella Schneider Carle, Leona Getz, Mary Elizabeth Brown, William Frederick Schneider, Jr. and Clarence Byrne, have no right at this time to share in the estate of Anna M. Schneider."

The Citizens Fidelity Bank and Trust Company prosecutes this appeal. The defendants and cross petitioners, Ella Schneider Carle, Leona Getz, Mary Elizabeth Brown, William Frederick Schneider, Jr. and Clarence Byrne, prosecute a cross appeal.

All parties are in agreement that the trust has now become dry and passive and that there is no reason for a continuation thereof since the purpose for which the trust was created has been accomplished.

It will be noted that the lower court held the trust created by the third clause of the will above to be an active trust; that the two beneficiaries named in the third clause are not entitled to receive the estate now in the hands of the trustee because they are life tenants only; and that at the death of the survivor of them the remaining estate of the decedent passes by intestacy to her heirs-at-law.

The general rule is that if all the beneficiaries of a trust, none of whom is under an incapacity, consent thereto they can compel a termination of the trust unless the continuance thereof is necessary to carry out a material purpose of the trust. It is stated in American Law Institute, Trusts, paragraph 337, page 1021:

"(1) Except as stated in Subsection (2), if all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination of the trust.

"(2) If the continuance of the trust is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination."

In view of the language of the third clause of the will above and this general rule, we are of the opinion that the court erred in refusing to terminate the trust.

However, the serious contention arises when we reach the point where it becomes necessary to determine the rights of the parties defendant. Pauline and Mary Julia Schellberg take the position that upon the termination of the trust they become the sole beneficiaries of the residuary estate under the residuary clause above. The heirs-at-law of August Ferdinand Schneider, the brother who disappeared, take the position that upon the fullfillment and termination of the trust the property reverts to the estate of the deceased, Anna M. Schneider, and should then go according to the laws of descent and distribution.

We come face to face with the general rule first that there is a presumption against partial intestacy. Lester's Adm'r v. Jones, 300 Ky. 534, 189 S.W.2d 728; Chrisman v. Allman, 302 Ky. 144, 194 S.W.2d 175; Kurrie v. Kentucky Trust Co. of Louisville, 302 Ky. 592, 194 S.W.2d 638. We observe that in the first paragraph of the third clause of the will the testatrix gave the sum of $25 each to her two nieces, Ella Schneider Carle and Mary Elizabeth Brown, and to her nephew, William Frederick Schneider, Jr. We observe that three of the heirs of the disappearing brother were given specific gifts. Then follows the latter part of the third clause quoted above, which clearly stated that it was for the benefit of Pauline Schellberg and Mary Julia Schellberg, daughters of her niece,

Mary Louisa Schellberg. We have consistently held that in cases of doubt as to the character of the estate devised, that doubt should be resolved in favor of an absolute rather than a qualified estate; and generally it is only where the language of testator will admit of no other reasonable construction will the court declare otherwise. Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S.W.2d 670; Simons v. Bowers, 258 Ky. 755, 81 S.W.2d 604; Borders v. Skiles, 295 Ky. 670, 175 S.W.2d 353. Clearly it was the intention of the testatrix that these two named beneficiaries receive the benefits of this residuary estate. Consequently, upon the termination of the trust, it becomes theirs absolutely and in fee simple.

The judgment is reversed with directions to enter judgment consistent herewith.