## CUNDIFF et al. v. SCHMITT et al.

Court of Appeals of Kentucky.

Nov. 9, 1951.

668

Thomas J. Sabetta, Owensboro, for appellants.

Wilson & Wilson and William L. Wilson, all of Owensboro, for appellees.

MORRIS, Commissioner.

In a suit to settle the estate of Rachel Fiorella Cundiff, and for a declaration of property rights, the chancellor was called upon to construe the will of testatrix, executed in October of 1939. Testatrix was survived by her husband, appellant here; a sister, three brothers and a nephew. The latter were plaintiffs below; appellant and the guardian of the infant nephew were defendants. The will reads:

"Item 1. I will and devise to my sister, Veronica Fiorella, absolutely and in fee simple, all of the right, title and interest in and to two lots of land and the improvements thereon, known as numbers 418 and 424 Locust Streets, in the City of Owensboro, Kentucky, which I may own or have the right to dispose of at the time of my decease * * *.

"Item 2. All the residue of the estate, real and personal, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my husband, Goebel Cundiff, absolutely and in fee simple."

The rights of parties depend upon the application and effect of KRS 394.500, which reads: "Unless a contrary intention appears from the will, real or personal estate, comprised in a devise incapable of taking effect, shall not be included in the residuary devise contained in the will, but shall pass as in case of intestacy."

The pleadings show the following facts: At the time of the death of testatrix she and two sisters, Veronica Fiorella and Lucille Thompson, were joint owners of several lots in Owensboro, including the two mentioned in Item 1 of the will. Prior to October 3, 1947, testatrix and her sister Veronica were injured in an automobile accident. Their injuries proved fatal, Veronica's death occurring on the date just mentioned; testatrix died five days later.

The chancellor held that since the devise in Item 1 of the will had lapsed, the property passed as in case of intestacy, and he adjudged title in the heirs-at-law, subject to the husband's right of curtesy. From this judgment the husband appeals both as residuary legatee and as personal representative.

It is the contention of appellant that because of the words "which I * * * have the right to dispose of at the time of my decease," testatrix intended "clearly that should the devise of realty to Veronica fail in some manner, the realty was to pass to her husband." Appellees take the position that neither the language quoted above, nor any other words employed, express or indicate such intention.

Counsel agree on well-established principles of construction applied in will cases; that the will begins to speak upon the death of the testator; that intent must be gathered from a reading of the entire document; they would no doubt agree that "intent" must be ascertained from the language of the will and in the light of circumstances and conditions existing at the time of its execution. Hager v. Becker, 310 Ky. 340, 220 S.W.2d 839; Sigmon v. Moore's Adm'r, 297 Ky. 525, 180 S.W.2d 420; Lester's Adm'r v. Jones, 300 Ky. 534, 189 S.W.2d 728.

It is agreed and so stated in briefs that the chancellor, in reaching his conclusion, followed our opinion in Chrisman v. Allman, 302 Ky. 144, 194 S.W.2d 175, 176.

Counsel for appellants while concurring in the conclusion in that case differentiates the will there considered and the one now before us, because in the Chrisman case the testator "clearly intended that the residual clause pass only that property not previously disposed of by him."

In the Chrisman case testator had devised certain real estate to O. C. Bowles, Jr. The fifth clause, a general residuary clause, reads: "The residue of my estate of every kind and character I devise to the three children of my deceased brother, C. C. Bowles * * *."

In that case, as here, the contention was the same. The trial court held that the lapsed legacy passed under the statute. This holding was affirmed and we distinguished the Sigmon and Lester cases, in each of which it was determined that the property passed to the legatee under the residuary clause, because testator had failed to dispose of certain remainder interests. We wrote in the Chrisman case: "As pointed out by the appellants, there is always the presumption against intestacy, and the presumption is stronger where the residue of an estate is disposed of. It is true also that one of the functions of a residuary clause is to dispose of such property as the testator may have forgotten or have been ignorant of its ownership. These rules would not warrant this Court, however, in nullifying the aforementioned statute. In the case at bar there was a clear-cut devise to one who predeceased the testator. Certainly that was a devise incapable of taking effect such as referred to in KRS 394.500."

Our attention is directed to the language used in the Bowles will (Chrisman case), "The residue of my estate of every kind", and it is argued that there is quite a difference in the import of these words and the words used in the Cundiff will. We are unable to see any difference in a legal sense, in the words "The residue of *my* *estate*", and the words quoted above from the will of testatrix, and used in both clauses of her will and which are not of such effect as would justify us in concluding that it was the intention of testatrix to have a legacy which might lapse to pass to the residuary legatee.

The words, "or own or have the right to dispose of," and similar words or expressions employed in wills do not operate to change the general import of such well-recognized expressions as "residue" or "remainder of my estate," unless other language used by the maker warrants a different result. 57 Am.Jur., Sec. 1448, p. 974.

In the case of Cunningham's Devisees v. Cunningham's Heirs, 57 Ky. 19, 18 B.Mon. 19, 68 Am.Dec. 718, we had occasion to discuss the legal effect of the words "not otherwise disposed of in this will," employed in a residuary clause. We wrote: "But do these words express any other intention than that which is necessarily implied in every residuary devise or bequest? No matter how general the language of the residuary devise may be, the testator only intends it to operate on that part of his estate not otherwise disposed of in his will. If, after making several devises and bequests, he devises all the residue of his estate, without any allusion whatever to the previous part of his will, does he not mean that only his estate, not otherwise disposed of in his will, shall pass to the residuary devisee, and is not this meaning as clear and unquestionable as if it had been expressly stated? There does not seem to be any substantial difference between a residuary devise with or without the words used in this instance by the testator."

The ruling in the Chrisman case was followed in Kurrie v. Kentucky Trust Co. of Louisville, 302 Ky. 592, 194 S.W.2d 638. See also Louisville Trust Co. v. Walter, 306 Ky. 756, 207 S.W.2d 328; McKinney v. Mt. Sterling Nat. Bank, 310 Ky. 186, 220 S.W.2d 379.

We are of the opinion that the chancellor correctly construed the will in question in the light of the statute above quoted and the facts presented, therefore the judgment is affirmed.