Aileen BARNETT, Appellant,

v.

SOHIO PETROLEUM COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1958.

R. T. Sweeney, Thacker, Sweeney & Lovett, Owensboro, for appellant.

Morton J. Holbrook, Joseph H. McKinley, Owensboro, James Boswell Young, Louisville, John Berry, New Castle, for appellees.

CLAY, Commissioner.

This controversy involves the construction of the will of J. C. Barnett, and a determination of whether or not an overriding royalty interest passed under the will, and if so, to whom.

Item 4 of the will provided:

"To pay to my wife if she is alive the sum of Five Thousand ($5,000.00 dollars), she is to also have my automobile, *and all of my interests in Oil & Gas Leases, equipment in Daviess County, Kentucky.*" (Our emphasis.)

Item 5 of the will provided that any other property "I may later acquire" should be placed in trust.

The royalty interest involved is in the Stannus Heirs Lease, located in Union County, Kentucky. The wife claims this interest passed under Item 4 of the will and the principal appellees claim it under Item 5. The Chancellor adjudged that it did not pass under the will but constituted intestate property.

At the time of the execution of the will in 1946 the testator owned a small working interest in two leases located in Daviess County. He also owned the overriding interest in the Stannus Heirs Lease, which was, as we have said, in Union County. He also owned an interest in another lease located in Union County and one in Henderson County. The only equipment in which he had an interest was in Daviess County.

An examination of Item 4 of the will indicates that the testator was giving to his wife four different things, which were: (1) $5,000, (2) the automobile, (3) interests in oil and gas leases, and (4) equipment in Daviess County. The use of the comma effectively separated the bequests. The reference to Daviess County was no more descriptive of the leases than of the automobile or the $5,000. It identified only the equipment.

Fully supporting this construction is Item 5 which disposed of any other property the testator might later acquire. This clearly shows the testator assumed that earlier in the will he had disposed of all the property he owned at the time of the execution of the will. The interest in the Stannus Lease was then owned by him. Unless a will clearly indicates to the contrary, it will be presumed that the testator did not intend to die intestate as to any part of his property. Lester's Adm'r v. Jones, 300 Ky. 534, 189 S.W.2d 728.

The circumstances at the time of the execution of the will confirm the above construction. In our opinion the interest in the Stannus Lease was devised to the wife under Item 4 of the will, and the Chancellor erred in ruling otherwise.

The judgment is reversed for the entry of one consistent with this opinion.