**A. H. ROBERTSON et al., Appellants,**

**v.**

**Madelyne SURGENER et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 29, 1965.

---

H. M. Grigsby, Charles E. Montgomery, Springfield, for appellants.

R. L. Wathen, Springfield, W. Earl Dean, Harrodsburg, for appellees.

CULLEN, Commissioner.

The will of James C. McElroy, who died in 1942, gave his widow a life estate in his property. The will contained this provision:

" * * * on the death of my wife all of my Estate shall be held in trust for my grandson, James C. McElroy, III, by his Trustee and paid to him as in discretion of said trustee same may be needed."

The widow died in 1962. The grandson, who was nine years old when the will was

written, survived the widow by only seven months and died childless, leaving a will devising all of his property to his widow.

In an action between the grandson's widow and the heirs at law of the grandfather the circuit court adjudged that the grandson's widow was entitled to the property that came from the grandfather. The heirs have appealed.

As we view it, the question is simply whether the testator intended to leave to the grandson a remainder in fee, subject to control by a trustee of expenditures during his lifetime, or intended only to leave to the grandson an equitable life estate.

There is a presumption against partial intestacy, and in cases of doubt as to the character of the estate devised the doubt will be resolved in favor of an absolute estate. Citizens Fidelity Bank & Trust Co. v. Schellberg, Ky., 238 S.W.2d 142.

There are a number of circumstances indicating that the testator did not intend to limit the grandson to an equitable life estate. The grandson was the testator's only lineal descendant, and when the will was written he was a nine-year-old boy living with the grandparents. He was the natural object of the testator's bounty. The will made no gift over after the grandson's death. The testator did not name a trustee in his will or even provide for one to be named. Actually, in view of the age of the grandchild when the will was written, and the fact that the will spoke of "his" trustee, it is very likely that the testator meant only that the estate should be held in trust during the grandson's *minority*.

Under a similar set of facts, in Citizens Fidelity Bank & Trust Co. v. Schellberg, Ky., 238 S.W.2d 142, it was held that the beneficiaries took a fee simple when the trust terminated.

The mere fact that the property was placed in the control of a trustee does not require that the devise be construed as creating only a life estate. Drye v. Cun-

ningham Medley & Co., Ky., 74 S.W. 272. In the case cited, a devise to a child was held to create a fee even though the property was to be held in trust during the devisee's lifetime.

The appellants' principal argument is that the will created a spendthrift trust and that the beneficiary of such a trust has no rights at all in the property other than to receive what the trustee chooses to give him. In our opinion it makes no difference whether or not the trust in this case was a spendthrift trust. Clearly a testator could create a spendthrift trust for a devisee, and also provide that the property could pass by will or inheritance from the devisee. We think the will here evinces the intent to vest in the grandson an estate that could pass from him by will or inheritance.

The judgment is affirmed.